JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
CAROLYN GLAZINER, et al.

## DEFENDANTS
ORTHO-MCNEIL PHARMACEUTICAL, INC., et al.

(b) County of Residence of First Listed Plaintiff  Terra Haute, IN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Raritan, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Shaw Khorrami, Esq.            (213) 596-6000
Dylan Pollard, Esq.
Khorrami, Pollard & Abir, LLP
44 S. Flower Street, 33rd Floor, Los Angeles, CA 90071

Attorneys (If Known)

Charles F. Preuss, Esq.         (415) 591-7500
Hillary S. Weiner, Esq.
Drinker Biddle & Reath LLP
50 Fremont Street, 20th Floor, San Francisco, CA  94105

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [x] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [x] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ 75,000+
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: April 16, 2008

SIGNATURE OF ATTORNEY OF RECORD: Hillary S. W.

**ORIGINAL**

1  CHARLES F. PREUSS (State Bar No. 45783)
   HILLARY S. WEINER (State Bar No. 203499)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510
   charles.preuss@dbr.com
5  hillary.weiner@dbr.com

6  Attorneys for Defendants
   ORTHO-MCNEIL PHARMACEUTICAL, INC., now
7  known as ORTHO-McNEIL-JANSSEN
   PHARMACEUTICALS, INC.,
8  and MCKESSON CORPORATION

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12 CAROLYN GLAZINER, an individual;        Case No. 08  1989

13                Plaintiff,               **NOTICE OF REMOVAL AND
                                           REMOVAL OF ACTION UNDER 28
14        v.                               U.S.C. § 1441(B) [DIVERSITY]**

15 ORTHO-MCNEIL PHARMACEUTICAL,
   INC., a Delaware Corporation;
16 MCKESSON CORP. and DOES 1-500,
   inclusive,
17
                  Defendants.
18

19
20        **TO THE CLERK OF THE COURT:**

21        Defendant Ortho-McNeil Pharmaceutical, Inc. ("OMP"), now known as Ortho-

22 McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI"), removes to this Court the state court

23 action described below, based on diversity of citizenship, pursuant to 28 U.S.C. §§ 1332,

24 1441(b). As detailed here, the Court should disregard the forum defendant rule because

25 California resident defendant McKesson Corporation ("McKesson") was fraudulently

26 joined.

27 / / /

28 / / /

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1 372038 2    NOTICE OF REMOVAL AND REMOVAL OF ACTION                    CASE NO.

# BACKGROUND

1. On November 15, 2007, the Southern California law firms of Khorrami, Pollard & Abir, LLP and Kabateck Brown Kellner LLP, along with the Colorado law firm of Burg Simpson Eldredge Hersh Jardine PC, filed a Complaint in a personal injury action in the Superior Court of California, County of San Francisco, entitled *Carolyn Glaziner. v. Ortho-McNeil Pharmaceutical, Inc., McKesson Corp., and Does 1-500, inclusive*, Case Number CGC-07-469227. A copy of the Complaint in that San Francisco County state court action (the "Complaint") is attached as Exhibit A to the accompanying Declaration of Hillary S. Weiner ("Weiner Dec.").

The plaintiff in the action is a resident of Terre Haute, Indiana, who seeks damages for "potentially fatal side effects" she allegedly suffered from using the Ortho Evra® contraceptive patch, available only by prescription and manufactured by OMP, now known as OMJPI. (Complaint ¶¶ 1-2 and 10.) Plaintiff alleges causes of action for Negligence, Strict Liability Failure to Warn, Breach of Express Warranty, Breach of Implied Warranty, Negligent Misrepresentation, and Fraud against OMP, a Delaware corporation with its principal place of business in New Jersey, now known as OMJPI, a Pennsylvania corporation, also with its principal place of business in New Jersey. (Complaint ¶ 11; Weiner Dec. ¶ 3.) Although devoid of any factual allegations against McKesson, plaintiff's Complaint asserts those same claims against McKesson, a Delaware corporation with its principal place of business in San Francisco, California, whom plaintiff – a resident of Indiana – alleges "distributed and sold Ortho Evra in and throughout the State of California." (Complaint ¶¶ 3, 16; Declaration of Greg Yonko, filed in *Abel, Theresa, et al. v. Ortho-McNeil Pharmaceutical, Inc., et al.*, USDC ND CA Case No. C 06 7551 SBA ("Yonko Dec."), attached to the Weiner Dec. as Exhibit B, ¶ 2.)

# BASIS FOR JURISDICTION

2. <u>Basis for Jurisdiction in this Court</u>. This Court has original jurisdiction over this action, and OMP, now known as OMJPI, may properly remove to this Court,

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco CA 94105

2

SF1-372038.2    NOTICE OF REMOVAL AND REMOVAL OF ACTION    CASE NO.

1  because the amount in controversy exceeds $75,000, exclusive of interest and costs and
2  there is diversity of citizenship of all named parties. 28 U.S.C. §§ 1332, 1441(a).
3  Although McKesson is a resident of the forum, the forum defendant rule does not prevent
4  this Court from taking jurisdiction of this action. *Lively v. Wild Oats Markets, Inc.*, 456
5  F.3d 933 (9th Cir. 2006) (holding that forum defendant rule limitation on diversity-based
6  removal jurisdiction is a procedural, or non-jurisdictional, rule). Further, because
7  McKesson was fraudulently joined, that rule should not apply.

8           a.    Amount in Controversy. Pursuant to California Code of Civil
9  Procedure Section 425.10(b), the amount of damages sought by plaintiff is not stated in
10 the Complaint. However, plaintiff claims that she "suffered and/or may continue to
11 suffer potentially fatal side effects such as strokes, pulmonary emboli, blood clots, deep
12 vein thrombosis, and heart attacks" from using Ortho Evra®. (Complaint ¶ 1; *see also* ¶
13 39, alleging that plaintiff "suffered from strokes, pulmonary emboli, blood clots, deep
14 vein thrombosis, and heart attacks, as well as other severe permanent health problems.")
15 Plaintiff further alleges that OMP, now known as OMJPI, engaged in "fraudulent" and
16 "reckless" conduct, giving rise to punitive damages claims. (*See e.g.* Complaint ¶¶ 51D,
17 65, 75, 90, 104.)

18       Given the nature of plaintiff's claims, and a review of damages awards and
19 settlement amounts in this judicial district, in cases involving allegations of serious
20 injuries from the use of prescription drugs or medical devices, it is reasonably believed
21 that, if plaintiff succeeded in proving the allegations of the Complaint, she would recover
22 a minimum of $75,000 in damages. (Weiner Dec. ¶ 10.) Indeed, plaintiffs claiming
23 substantially similar injuries in the Ortho Evra® MDL have specifically alleged that the
24 amount in controversy in their respective actions exceeds $75,000, exclusive of interest
25 and costs. (*Id.*)

26       It is therefore "facially apparent" from the nature of the claims alleged and the
27 types of damages sought that the amount in controversy in this action exceeds $75,000,
28 exclusive of interest and costs. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir.

DRINKER BIDDLE & REATH LLP
50 Fremont Street 20th Floor
San Francisco, CA 94105

SF1 372038.2

3

NOTICE OF REMOVAL AND REMOVAL OF ACTION                                        CASE NO.

1  2003) (it was "facially apparent" that claim exceeded $75,000 based on plaintiff's
2  "lengthy list of compensatory and punitive damages"); *see also In re Rezulin Products*
3  *Liability Litigation*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint
4  "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and
5  punitive damages" for alleged "serious and life-threatening medical conditions" due to
6  use of prescription medicine); *International Padi, Inc. v. Diverlink*, 2005 WL 1635347,
7  *1 (9th Cir. Cal. 2005) (court considered plaintiffs' general allegations of unspecified
8  general and special damages "reasonably believed to be in excess of the jurisdictional
9  limits" of the trial court and their request for injunctive relief to "easily conclude" that the
10 $75,000 amount in controversy requirement was met).

11          b.    Citizenship of the Parties. There is complete diversity of citizenship
12 between the parties, pursuant to 28 U.S.C. Section 1332. As alleged in the Complaint,
13 plaintiff is a citizen of Indiana. (Complaint ¶ 10.) At the time the state court action was
14 filed, OMP was a corporation existing under the laws of the State of Delaware, with its
15 principal place of business in New Jersey, and is now known as OMJPI, a corporation
16 existing under the laws of the State of Pennsylvania, with its principal place of business
17 also in New Jersey, and McKesson was and is a corporation existing under the laws of
18 the State of Delaware, with its principal place of business in California. (Weiner Dec. ¶¶
19 3, 4; Yonko Dec. ¶ 2.)

20          c.    Forum Resident Defendant McKesson has been Fraudulently Joined.
21 Given that the forum defendant rule is procedural – and not jurisdictional – the fact that
22 McKesson has its principal place of business in San Francisco does not prevent removal
23 of this action. *See, Wild Oats, supra*. Further, the Court should disregard the rule, as
24 plaintiff fraudulently joined McKesson as a "sham" defendant, solely in an effort to
25 invoke the rule and to prevent OMP, now known as OMJPI, from removing the action to
26 federal court and then transferring it to the Ortho Evra® MDL.

27          A defendant is fraudulently joined if "the plaintiff fails to state a cause of action
28 against the defendant, and the failure is obvious according to the settled rules of the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1 372038 2

1  state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "When
2  determining whether a defendant is fraudulently joined, "[t]he court may pierce the
3  pleadings, consider the entire record, and determine the basis of joinder by any means
4  available."" *Maffei v. Allstate California Ins. Co.*, 412 F.Supp.2d 1049 (E.D.Cal. 2006),
5  citing *Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.Cal. 1979) ("it is well settled that upon
6  allegations of fraudulent joinder … federal courts may look beyond the pleadings to
7  determine if the joinder … is a sham or fraudulent device to prevent removal"). If
8  revealed that the joinder is fraudulent, the Court may dismiss the sham defendant.
9  *Maffei, supra*. McKesson is so fraudulently joined here.

10  McKesson is fraudulently joined because plaintiff has not made any material
11  allegations against it. *See e.g. Brown v. Allstate Insurance*, 17 F.Supp.2d 1134, 1137
12  (S.D.Cal. 1998) (finding in-state defendants fraudulently joined where "no material
13  allegations" against those defendants were made). Here, as demonstrated by the
14  Complaint, plaintiff's claims are substantively directed against the manufacturer of Ortho
15  Evra® – OMP, now known as OMJPI, and not at McKesson. Indeed, none of plaintiff's
16  factual allegations, on which all of her causes of action are based, involve McKesson.
17  (*See* "General Allegations" at Complaint ¶¶ 24-39.) Specifically, plaintiff claims that:
18  OMP obtained FDA approval of Ortho Evra®, despite concerns about its safety; OMP
19  failed to appropriately warn users and prescribing health care providers of the alleged
20  serious risks of using Ortho Evra®; OMP failed to properly or adequately investigate
21  safety concerns about Ortho Evra®; OMP's conduct fell below the duty of care that it
22  allegedly owed to plaintiff; OMP misrepresented the known risks associated with Ortho
23  Evra®; OMP negligently and recklessly failed to inform the public and prescribing health
24  care providers of the alleged risks of using Ortho Evra®; and OMP was careless and
25  negligent in its manufacturing, testing, selling, distributing, merchandising, advertising,
26  promoting, packaging, and marketing of Ortho Evra®.[1] (*Id.*) Those allegations have

---

[1] As detailed in its Answer, filed simultaneously with this Removal, OMP, now known as OMJPI,

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1 372038\2

NOTICE OF REMOVAL AND REMOVAL OF ACTION

5

CASE NO.

everything to do with the claimed acts and omissions of OMP, now known as OMJPI, and nothing to do with McKesson.

The only factual allegations that do relate to McKesson fail to state a claim against that defendant. Plaintiff alleges that McKesson "distributed and sold Ortho Evra in and throughout the State of California," and that McKesson "packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or to inform users regarding the risks pertaining to, and assuaged concerns about the pharmaceutical Ortho Evra." (Complaint ¶¶ 3, 19.) Notably absent is any allegation that plaintiff falls within the general class of "users" referenced by her conclusory allegations. Even more telling, plaintiff does not allege that McKesson distributed or sold Ortho Evra® to her or to any of her respective health care providers or pharmacists. (*See* Complaint.) Further, the Complaint lacks any allegation that McKesson sold or distributed Ortho Evra® outside the State of California or more specifically in Indiana, where plaintiff resides. The absence of such allegations compels the conclusion that plaintiff fraudulently joined McKesson in an attempt to prevent removal of this action to federal court. *See e.g. Lyons v. American Tobacco Co.*, 1997 WL 809677 at *5 (S.D. Ala. 1997) (holding that there is "no better admission of fraudulent joinder" than the failure of plaintiff "to set forth any specific factual allegations" against the joined defendant).

In short, plaintiff fails to allege that she received Ortho Evra® sold or distributed by McKesson, a prerequisite to her product liability claims. It is essential that a plaintiff who claims that a product distributed by defendant was defective must prove that defendant was the distributor. *Garcia v. Joseph Vince Co.*, 84 Cal.App.3d 868, 874 (1978) ("Regardless of the theory which liability is predicated upon ... it is obvious that to hold a producer, manufacturer, or seller liable for injury caused by a particular product, there must first be proof that the defendant produced, manufactured, sold, or was in some

denies plaintiff's allegations and denies that it is liable to plaintiff in any manner or sum whatsoever.

1  way responsible for the product"). Notwithstanding, given that the crux of plaintiff's
2  claims is an alleged failure to warn of the alleged risks of using Ortho Evra®, there is no
3  legal basis for the causes of action asserted against McKesson.

4  Under California law, McKesson bears no duty to warn. Rather, the "learned
5  intermediary doctrine" provides that the duty to warn of a drug's risk runs from the
6  manufacturer to the physician, and then from the physician to the patient. *See Brown v.*
7  *Superior Court (Abbott Labs.)*, 44 Cal.3d 1049, 1061-62, n.9 (1988); *Carlin v. Superior*
8  *Court (Upjohn Co.)*, 13 Cal.4th 1104, 1116 (1996). The rationale of the learned
9  intermediary doctrine is that the physician is in the best position to determine whether a
10 patient should use a prescription drug, and imposing a duty to warn on others would
11 threaten to undermine reliance on the physician's informed judgment. For this reason,
12 California courts have rejected imposing liability on distributors, including specifically
13 McKesson, for failure to warn of the risks of using a prescription drug. *See e.g. Barlow*
14 *v. Warner-Lambert Co.*, Case No. CV-03-1647-R(RZx), Slip Op. at 2 (C.D.Cal. April 28,
15 2003) (attached as Ex. C to Weiner Dec.) ("the Court finds that there is no possibility that
16 plaintiffs could prove a cause of action against McKesson, an entity which distributed
17 [the prescription medication at issue] to pharmacists in California;" motion to remand
18 denied); and *Skinner v. Warner-Lambert Co.*, Case No. CV-03-1643-R(RZx), Slip Op. at
19 2 (C.D.Cal. April 28, 2003) (attached as Ex. D to Weiner Dec.) (same).

20 Further, McKesson had no involvement in the development or preparation of the
21 prescribing information for Ortho Evra® and did not have any responsibility for the
22 content of other written warnings concerning Ortho Evra®. (Yonko Dec. ¶ 5.) At no
23 time has McKesson had any involvement with the manufacture, development, testing,
24 packaging, labeling, advertising, promotion, or marketing of Ortho Evra®. (*Id.* ¶¶ 6-7.)

25 It is therefore a mystery why McKesson is named in this case, other than as a
26 "sham" defendant to prevent OMP, now known as OMJPI, from removing the action to
27 federal court and then transferring it to the Ortho Evra® MDL. Courts have consistently
28 ruled that such collusive tactics are not to be recognized. *See e.g. Attorneys Trust v.*

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

7

SF1\372038.2  NOTICE OF REMOVAL AND REMOVAL OF ACTION  CASE NO.

1  *Videotape Computer Products, Inc.*, 93 F.3d 593 (9th Cir. 1996) (noting there is no more
2  reason for federal courts to countenance destruction of jurisdiction by the use of straw
3  parties than there is for them to countenance the creation of jurisdiction in that manner);
4  *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990), *citing* American Law
5  Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Official
6  Draft, at 169 (1969) ("Removal based on diversity of citizenship is a right conferred by
7  Congress, the need for which 'may well be greatest when the plaintiff tries hardest to
8  defeat it.'").

        d.    <u>Citizenship of Doe Defendants</u>.  Pursuant to 28 U.S.C. Section 1441(a), for purposes of removal, the citizenship of defendants Does 1-500 must be disregarded because plaintiff sued those defendants under fictitious names.

## REMOVAL TIMELY FILED

3.    Service was made on the registered agent for service of process of OMP, now known as OMJPI, on March 21, 2008. (Weiner Dec. ¶ 3.) McKesson was served, via its registered agent, on March 24, 2008. (*Id.* ¶ 4.) Therefore, this Removal was timely filed within 30 days of service, pursuant to 28 U.S.C. § 1446(b).

## CONSENT TO REMOVAL

4.    The only other named defendant, McKesson, was fraudulently joined, and its consent is therefore not required for removal; notwithstanding, McKesson consents to the removal by OMP, now known as OMJPI, of this action to this Court. (Weiner Dec. ¶ 4.)

## STATE COURT WITHIN THE COURT'S JURISDICTION

5.    The San Francisco County, California Superior Court, from which OMP, now known as OMJPI, removes this action, is within this Court's jurisdiction.

## STATE COURT PLEADINGS

6.    Copies of the state court pleadings known to OMP, now known as OMJPI, to have been filed in this action are collectively attached to the Weiner Dec. as Exhibit A.

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

8

SF1 372038.2   NOTICE OF REMOVAL AND REMOVAL OF ACTION   CASE NO.

| | |
|---|---|
| 1 | **FILING AND SERVICE OF NOTICE OF REMOVAL AND REMOVAL** |

7. OMP, now known as OMJPI, will file a notice of the filing of this Notice of Removal and Removal in the San Francisco County Superior Court and will serve plaintiff's counsel with a copy. (Weiner Dec. ¶ 5.)

WHEREFORE, OMP, now known as OMJPI, hereby removes to this Court San Francisco County Superior Court Case No. CGC-07-469227.

Dated: April 16, 2008

DRINKER BIDDLE & REATH

*/s/ Hillary S. Weiner*
CHARLES F. PREUSS
HILLARY S. WEINER

Attorneys for Defendants
ORTHO-MCNEIL PHARMACEUTICAL, INC., now known as ORTHO-McNEIL-JANSSEN PHARMACEUTICALS, INC., and MCKESSON CORPORATION